UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

JACLYN B. o/b/o A.L.B.,[1]

                              Plaintiff,                    **DECISION AND ORDER**

v.

                                                           1:20-cv-01919 (JJM)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

―――――――――――――――――――――――――――――――

          This is an action brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review

the final determination of the Commissioner of Social Security that A.L.B., a minor, was not

entitled to Supplemental Security Income ("SSI") benefits. Before the court are the parties'

cross-motions for judgment on the pleadings [6, 8].[2]   The parties have consented to my

jurisdiction [10].  Having reviewed their submissions [6, 8, 9], the Commissioner's motion is

granted.

## BACKGROUND

          The parties' familiarity with the 572-page administrative record [4] is presumed.

Further, the parties have comprehensively set forth in their papers plaintiff's treatment and other

records and the relevant medical evidence. Accordingly, I reference below only those facts

necessary to explain my decision.

―――――――――――――――――――――――――

[1]        In accordance with the guidance from the Committee on Court Administration and Case
Management of the Judicial Conference of the United States, which was adopted by the Western District
of New York on November 18, 2020 in order to better protect personal and medical information of non-
governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]        Bracketed references are to the CM/ECF docket entries. Page references to the administrative
record are to the Bates numbering.  All other page references are to the CM/ECF pagination.

Plaintiff's grandmother, her legal guardian, filed an application for benefits on her behalf on June 14, 2018[3], when plaintiff was eleven years old (she was born in December 2006), alleging a disability beginning on January 1, 2009, due to attention deficit hyperactivity disorder ("ADHD"), autism, auditory processing disorder, developmental delay, and depression. Administrative Record [4] at 17, 18, 136.

An administrative hearing was held on December 23, 2019 before Administrative Law Judge ("ALJ") Michael J. Stacchini.  Id. at 33-66 (transcript of hearing).  At that time, plaintiff was days shy of her thirteenth birthday.  Id. at 44.  Plaintiff, her grandmother, and her care manager testified.  Id. at 45-64.  Plaintiff was not represented at the hearing.  Id. at 37-39.

On February 24, 2020, ALJ Stacchini issued a decision finding that plaintiff had not been disabled as defined in the Social Security Act since the date of her application. Id. at 28. To reach that determination, ALJ Stacchini found that plaintiff's severe impairments were ADHD, auditory processing disorder with pragmatic and expressive language delays, autism spectrum disorder, anxiety disorder, depressive disorder, and hypermobile calcaneal valgus deformities and congenital talipes calcaneovalgus.  Id. at 18. He also found that plaintiff's severe impairments did not meet the elements of a listed impairment, nor were they functionally equivalent to the severity of the listings.  Id. at 18-28.  Thereafter, this action ensued.

**DISCUSSION**

In seeking remand for further administrative proceedings, plaintiff argues that ALJ Stacchini improperly concluded that plaintiff had a less than marked impairment in the

---

[3]      Other evidence in the record suggests the application was filed on or about July 20, 2018.  See Administrative Record [4] at 126.  However, neither party challenges the date of filing incorporated into ALJ Stacchini's decision.  Accordingly, I use June 14, 2018 as the applicable filing date for this claim.

domains of attending to and completing tasks, and caring for herself.  Plaintiff's Memorandum of Law [6-1] at 16-22.  Specifically, plaintiff argues that ALJ Stacchini "overlook[ed] and misappl[ied] evidence" and "relied on selectively chosen evidence" when he found that Plaintiff had a less than marked limitation in these functional areas.  Id. at 17, 20.

       The Commissioner responds that "the ALJ thoroughly explained his reasoning in finding less than marked limitations in these two domains, and those findings are supported by substantial evidence."  Commissioner's Brief [8-1] at 8.  The Commissioner identifies specific examples from the ALJ's decision to support his argument.  Id. at 11-14, 16-19.  For the following reasons, I agree with the Commissioner.

## A.    Standard of Review

       "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).   "For SSI applications, the relevant period is between the date of the application and the date of the ALJ's decision".  Leisten v. Astrue, 2010 WL 1133246, *1, n. 2 (W.D.N.Y. 2010).  Accordingly, the issue here is whether plaintiff was disabled between June 14, 2018 and February 24, 2020, the date of ALJ Stacchini's decision.

**B.      The Infant Disability Standard**

A claimant under 18 years of age is "disabled" under the Social Security Act ("SSA") if she has a medically determinable physical or mental impairment (or combination of impairments) that results in "marked and severe functional limitations . . . which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. §1382c(a)(3)(C). Under the applicable regulations, plaintiff must show that she is not working, that she has a "severe" impairment or combination of impairments, and that the impairment or combination of impairments is of listing-level severity - *i.e.*, medically or functionally equal to the severity of a listed impairment. 20 C.F.R. §§416.924(a)-(d).

Functional equivalence of limitations in children is evaluated in six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being.  20 C.F.R. §§416.926a(b)(1)(i)-(vi).  Marked limitations in two domains of functioning or an extreme limitation in one domain constitutes functional equivalence to a listed impairment. Id. §416.926a(d). Plaintiff challenges the ALJ's analysis in the domains of attending and completing tasks, and caring for oneself.  *See* Plaintiff's Memorandum of Law [6-1] at 16-21. ALJ Stacchini found that Plaintiff had a "less than marked" limitation in each of these domains and a "marked" limitation in the domain of interacting and relating with others.[4]

The SSA's regulations discuss the functional elements of each domain and describe the abilities assessed under each to determine if a child has a marked or extreme limitation, and provides some examples of possible limitations under each domain.  *See* 20 C.F.R. §416.926a.  A "marked" limitation in any domain exists when a claimant's

---

[4]        Plaintiff does not challenge this finding.

"impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." Id. §416.926a(e)(2)(i).

The domain of attending and completing tasks encompasses how well a child is "able to focus and maintain [her] attention" and how well he or she is able to "begin, carry through, and finish" activities, "including the pace" at which he or she performs activities and the ease with which he or she transitions between activities. Id. §416.926a(h). Children aged 6 to 12 "should be able to focus [their] attention in a variety of situations in order to follow directions, remember and organize [their] school materials, and complete classroom and homework assignments". Id. §416.926a(h)(2)(iv). Children aged 12 to 18 "should be able to pay attention to increasingly longer presentations and discussions, maintain [their] concentration while reading textbooks" and "plan [their] time in order to complete school tasks and assignments". Id. §416.926a(h)(2)(v). Children with a limitation in this domain may, for example, "repeatedly become sidetracked from [their] activities", become "easily frustrated and give up on tasks", and "require extra supervision to keep [them] engaged in an activity". Id. §416.926a(h)(3).

The domain of caring for yourself concerns how well a child is able to "maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area". Id. §416.926a(k). Generally, this domain of functioning includes "employ[ing] effective coping strategies, appropriate to your age, to identify and regulate your feelings, thoughts, urges, and intentions". Id. §416.926a(k)(1)(ii). Children aged 6 to 12 should "begin to develop understanding of what is . . . acceptable and unacceptable behavior. You should begin to

demonstrate consistent control over your behavior, and you should be able to avoid behaviors that are unsafe or otherwise not good for you". Id. §416.926a(k)(2)(iv).  Children between the ages of 12 and 18 "should begin to discover appropriate ways to express your feelings, both good and bad (e.g. , keeping a diary to sort out angry feelings or listening to music to calm yourself down)".  Id. §416.926a(k)(2)(v).  Examples of limited functioning in this domain could include "express[ing] frustration by destroying school materials" or "hav[ing] problems managing anger".  SSR 09-7p, Title XVI: Determining Childhood Disability – The Functional Equivalence Domain of "Caring for Yourself", 74 FR 7521-01, 7523 (2009).

**C.    ALJ Stacchini's Analysis of Plaintiff's Functional Limitations is Supported by Substantial Evidence**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013).  Here, ALJ Stacchini included in his decision significant analysis of the opinion and other evidence.  I agree with the Commissioner that ALJ Stacchini's conclusions concerning the severity of plaintiff's impairment in each domain is amply supported by his analysis and consistent with evidence in the record.  Accordingly, I find that ALJ Stacchini's decision is supported by substantial evidence.

ALJ Stacchini found that plaintiff has a "less than marked" limitation in the domains of attending and completing tasks, and caring for yourself.  Administrative Record [4] at 23, 24.  In support of his conclusions, he outlined the opinion and other evidence in the record, described how persuasive he found each opinion, discussed which portions of the opinions he assessed were consistent with other evidence in the record, and explained why he found less

persuasive portions of the record that could support a finding of greater limitation.  Id. at 23, 24,
25-28.  I address each of these functional domains separately.


      1.        **Domain of Attending and Completing Tasks**

      In his analysis of this domain, ALJ Stacchini discussed Plaintiff's IEP reports
from the 2018-2019 and 2019-2020 school years, a September 12, 2018 psychological
evaluation, her final grade 6 report card for the 2018-2019 school year, and Dr. Santarpia's
report of her October 15, 2018 consultative examination of A.L.B.  Id. at 23.  Plaintiff argues
that ALJ Stacchini's "reliance on the examination findings from the consultative examination is
problematic, as the Second Circuit has frequently cautioned that ALJs should not rely heavily on
the findings of consultative physicians after a single examination".  Plaintiff's Memorandum of
Law [6-1] at 19.  Plaintiff argues that the IEP s from 2016, 2017, and 2018 "support marked
limitations" and "noted 'tremendous difficulties' with maintaining attention".  Id., *citing*
Administrative Record [4] at 223 (IEP dated 3/7/2016), 284 (IEP dated 11/27/2017) and 369
(IEP dated 4/18/2018).  Plaintiff concedes "some improvement" is shown in the 2019 IEP.  Id.
*citing* Administrative Record [4] at 212 (IEP dated 3/27/2019).  Plaintiff argues further that Ms.
DeVantier's October 16, 2018 Teacher Questionnaire also supports marked limitations in this
domain.  Id. at 19-20.

      However, the question is not whether there is *some* evidence in the record that
could support a different conclusion, but whether *substantial* evidence in the record, along with
sufficient explanation from the ALJ, supports his determination concerning A.L.B.'s limitations
during the relevant period, which began on June 14, 2018.  *See*  Veino v. Barnhart, 312 F.3d
578, 586 (2d Cir. 2002) ("[w]here the Commissioner's decision rests on adequate findings

supported by evidence having rational probative force, we will not substitute our judgment for

that of the Commissioner"); Healy o/b/o "TAH" v. Commissioner, 2020 WL 419358, *4

(W.D.N.Y. 2020) ("[t]his lack of specificity in addressing Robertson's extensive treatment

prevents the Court from conducting a meaningful review of the ALJ's reasoning").

   Plaintiff argues that ALJ Stacchini's reliance upon consultative examiner Dr.

Santarpia's opinion was "problematic", and that his analysis of Ms. DeVantier's Teacher

Questionnaire was inappropriate or unsupported.  Plaintiff's Memorandum of Law [6-1] at 19-

20.  I disagree.  First, plaintiff does not identify any specific detail or finding of Dr. Santarpia's

that is inconsistent with other evidence in the record, or upon which ALJ Stacchini should not

have relied.  Further, "[i]f a consultative examiner's opinion is supported by evidence in the

record, an ALJ can assign it greater weight than a treating physician's opinion".  Robert G. v.

Commissioner, 2022 WL 3030152, *3 (W.D.N.Y. 2022).

   Here, the ALJ specifically found that Dr. Santarpia's opinion was consistent with

her own findings on examination, and identified other evidence in the record with which it was

consistent, including plaintiff's most recent IEP and her final 6th grade report card.

Administrative Record [4] at 23, 25 (citing March 27, 2019 IEP and Grade 6 final Report Card).

The March 27, 2019 IEP states that, with respect to plaintiff's "[a]ttention", she "[a]t times . . .

can be distracted and may need directions repeated or prompted to refocus back on task.  If [she]

gets stuck on an issue it seems best to let her talk/work it out before she can move forward".  Id.

at 249.  The ALJ contrasted this observation from that included in plaintiff's November 13, 2018

IEP, which stated that "[plaintiff] has tremendous difficulty focusing during the course of the

day".  Id. at 23, 426.  This improvement was consistent with Dr. Santarpia's findings upon

examination that plaintiff "demonstrated intact attention and concentration, and intact recent and

remote memory skills", "was able to perform age-appropriate counting and calculation", and "recalled 3 out of the 3 objects immediately and 3 out of 3 objects after delay". Id. at 23.

In addition, plaintiff's final 6th grade report card demonstrated "that she passed her classes, with her teachers noting that she is cooperative, attentive, a pleasure to have in class, conscientious and hardworking". Id. at 23, 256. ALJ Stacchini also found these comments, and plaintiff's academic performance were evidence that plaintiff had a less than marked limitation in the domain of attending and completing tasks, despite Ms. DeVantier's October 16, 2018 Teacher Questionnaire that stated A.L.B. had a "serious" problem "organizing [her] own things or school materials" and a "very serious problem" "paying attention when spoken to directly". Id. at 27, 170.

To the extent those ratings might support a finding of greater than marked limitation in this functional domain, ALJ Stacchini found them "less persuasive" due to the improvement shown in the record and plaintiff's academic achievement. Notably, in Ms. DeVantier's ELA/Reading class, plaintiff scored a 94 on her final exam, and an overall final course grade of 80. Id. at 256. These findings and evidence led ALJ Stacchini to find "persuasive" Dr. Santarpia's opinion that ALB "is able to attend to, follow, and understand age-appropriate directions" and "sustain concentration and complete age-appropriate tasks". Id. at 27.

ALJ Stacchini adequately explained his reasoning for finding a less than marked limitation in this domain, identified the evidence he used to support his finding, and explained why he found potentially contrary information less persuasive. He did not mischaracterize or cherry pick the evidence. Accordingly, I find his conclusions concerning this domain were supported by substantial evidence.

2.        **Domain of Caring for Herself**

I do not agree with plaintiff that ALJ Stacchini's finding that plaintiff had a less than marked limitation in the domain of caring for herself "relied on selectively chosen evidence" or that it was "unsupported by substantial evidence".  Plaintiff's Memorandum of Law at 20.  Plaintiff focuses on evidence that A.L.B. had trouble regulating and expressing negative emotions, including instances in the record prior to the relevant period where "increased anger", and "anxiety and outbursts" were noted.  Id. at 21, *citing* a Counseling Reevaluation dated January 18, 2017 (Administrative Record [4] at 242) and a mental health treatment record from Monsignor Carr dated November 16, 2016 (id. at 324).  From within the relevant period, plaintiff argues that a finding of a marked limitation in this domain is required by an August 26, 2019 mental health treatment note demonstrating that "treatment goals at Carr still included expressing anger appropriately" and Ms. DeVantier's October 16, 2018 Teacher Questionnaire identifying several "very serious problems" related to expressing anger and frustration.  Plaintiff's Memorandum of Law [6-1] at 21, *citing* Monsignor Carr treatment note (Administrative Record [4] at 541) and Teacher Questionnaire (id. at 173).  Notably, under "Summary of Progress", the same treatment note states that A.L.B. "is beginning to express herself more and is having less outbursts".  Id. at 542.

ALJ Stacchini considered the difficulties A.L.B. was having in this domain as reflected in the treatment records and in Ms. DeVantier's Teacher Questionnaire, and weighed them against the progress demonstrated by A.L.B. within the relevant period, as recorded in her January and August 2019 treatment notes from Monsignor Carr, her grandmother's hearing testimony, her IEPs, and the teacher comments in her final grade 6 report card.  *See* Administrative Record [4] at 24, 26-27.

ALJ Stacchini adequately explained his reasoning for finding a less than marked limitation in this domain, identified the evidence he used to support his finding, and explained why he found potentially contrary information less persuasive.  He did not mischaracterize or cherry pick evidence.  Accordingly, I find his conclusions concerning this domain were supported by substantial evidence.

## CONCLUSION

For these reasons, the Commissioner's cross-motion [8] is granted, and plaintiff's motion [6] is denied.

**SO ORDERED**.

Dated:  March 10, 2023

                                                                                            /s/   Jeremiah J. McCarthy
                                                                          JEREMIAH J. MCCARTHY
                                                                          United States Magistrate Judge